IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Northern Division*

|  |  |  |
|---|---|---|
| **CHARLENE JANSON,** | * | |
| Plaintiff, | * | |
| v. | * | |
|  | * | Case No.: DLB-19-79 |
| **REITHOFFER SHOWS, INC.,** | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Charlene Janson fell and sustained injuries boarding a ride (the "Space Ride") at the Great Frederick Fair. She filed suit in negligence against Reithoffer Shows, Inc. ("Reithoffer"), the carnival operator that owned and operated the rides at the fair. ECF No. 1. Pending is Reithoffer's motion for summary judgment, in which the defendant argues that Ms. Janson cannot prevail because neither her lay evidence nor her expert's opinion establishes the elements of her claim. ECF No. 23. The parties fully briefed the motion. ECF Nos. 23-1, 26, 29. A hearing is not necessary. *See* Loc. R. 105.6. Because the evidence on the record before me creates genuine disputes of material fact, I will deny Reithoffer's motion.

**Factual Background**

On September 17, 2016, Ms. Janson, who is 63 inches tall, was at the Great Frederick Fair with her seven-year-old great-nephew and other family members. Def.'s Mem. 2; Pl.'s Opp'n 1; Pl. Dep. 28:17–18, ECF No. 26-3, at 8. Her nephew asked if she would ride with him on the Space Ride, which had a 48-inch height maximum. Def.'s Mem. 3–4; Pl.'s Opp'n 1, 6–7. The Space Ride typically had signage stating that riders "ENTERING" the ride had to be between 36 and 48

inches tall.  Pl.'s Opp'n 6–7; Def.'s Reply 1; Popovich Dep. 51:6–9, ECF No. 26-3, at 77; Sign, ECF No. 26-3, at 116; Resp. to Pl.'s Req. for Admission No. 8, ECF No. 26-3, at 90.  Ms. Janson did not see any signage about height restrictions for the Space Ride.  Def.'s Mem. 2; Pl.'s Dep. 27:18–28:8, ECF No. 26-3, at 8.  According to Reithoffer's corporate representative, it is not a violation of the height maximum, which is intended to "make sure that people are properly held in their seats," to let adults on the ride platform to help their children get situated, which Reithoffer allowed.  Def.'s Mem. 3–4; Popovich Dep. 50:10–52:5, ECF No. 26-3, at 77.

Ms. Janson and her sister Carol Martin both testified in their depositions that they asked the ride attendant if Ms. Janson could not only walk on the platform but actually ride the Space Ride and was told that she could.  Pl. Dep. 27:2–4, 28:9–12, ECF No. 26-3, at 8; Martin Dep. 10:7–20, ECF No. 26-3, at 40.  The attendant was a seasonal employee who cannot be located, so their testimony is undisputed.  Def.'s Mem. 4.  Ms. Janson helped her nephew into his seat and then, when she stepped from the platform into the boat-like ride to take her own seat, she fell and fractured her left foot, among other injuries.  Def.'s Mem. 2–3; Pl.'s Opp'n 2, 4.

Ms. Janson filed suit against Reithoffer, claiming the Space Ride's platform was too narrow for an adult and bringing one count for negligence.  The parties completed discovery, and Reithoffer filed the pending dispositive motion.

### Standard of Review

Summary judgment is appropriate when the moving party establishes that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  To meet its burden, the party must identify "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials" in support of

its position. Fed. R. Civ. P. 56(c)(1)(A). Then, "[t]o avoid summary judgment, the opposing party must set forth specific facts showing that there is a genuine issue for trial." *Perkins v. Int'l Paper Co.*, 936 F.3d 196, 205 (4th Cir. 2019) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The opposing party must identify more than a "scintilla of evidence" in support of its position to defeat the motion for summary judgment. *Anderson*, 477 U.S. at 251. Although "a court should not weigh the evidence," *Perkins*, 936 F.3d at 205 (quoting *Anderson*, 477 U.S. at 249), if "a party fails to establish the existence of an element essential to that party's case" or "'the record taken as a whole could not lead a rational trier of fact to find for the non-moving party,'" then summary judgment is proper, *id.* (quoting *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23. In ruling on a motion for summary judgment, this Court "view[s] the facts and inferences drawn from the facts in the light most favorable to . . . the nonmoving party." *Perkins*, 936 F.3d at 205 (quoting *Evans v. Techs. Applications & Serv. Co*., 80 F.3d 954, 958 (4th Cir. 1996)).

## Discussion

To prevail on her negligence claim, Ms. Janson must prove "1) that the defendant was under a duty to protect the plaintiff from injury, 2) that the defendant breached that duty, 3) that the plaintiff suffered actual injury or loss, and 4) that the loss or injury proximately resulted from the defendant's breach of duty." *Steamfitters Local Union No. 602 v. Erie Ins. Exch.*, 209 A.3d 158, 169 (Md. Ct. Spec. App. 2019) (quoting *Rowhouses, Inc. v. Smith*, 133 A.3d 1054, 1066 (Md. 2016)), *cert. granted*, 216 A.3d 937 (Md. 2019).[1] Reithoffer contends that Ms. Janson cannot establish, through lay evidence or the proffered testimony of the expert she retained, that defendant had a duty, that it breached that duty, or that its alleged breach proximately caused her injury.

---

[1] The parties agree that Maryland law applies. Def.'s Mem. 10; Pl.'s Opp'n 8.

Def.'s Mem. 8.

A duty is "an obligation, to which the law will give recognition and effect, to conform to a particular standard of conduct toward another." *Steamfitters*, 209 A.3d at 170 (quoting *Landaverde v. Navarro*, 189 A.3d 849, 863 (Md. Ct. Spec. App. 2018)). The Court determines whether a duty, or standard of care, exists as a matter of law. *Id.* at 169 (citing *Todd v. Mass Transit Admin.*, 816 A.2d 930, 933 (Md. 2003)). That determination "depend[s] on the specific facts and circumstances presented." *Id.* at 170. "As a general rule, 'the standard of care owed by a possessor of land depends upon the status of the person on the land; i.e. whether he is an invitee, licensee, or trespasser.'" *Gonzalez v. Eastman Specialties Corp.*, No. 2194, Sept. Term 2017, 2020 WL 2395991, at *5 (Md. Ct. Spec. App. May 12, 2020) (quoting *Sherman v. Suburban Trust Co.*, 384 A.2d 76, 79 (Md. 1978)).

Here, it is undisputed that Ms. Janson was an invitee. Def.'s Mem. 11; Pl.'s Opp'n 8.

> [I]n general, the highest duty is owed to invitees; namely, the duty to "use reasonable and ordinary care to keep the premises safe for the invitee and to protect the invitee from injury caused by an unreasonable risk which the invitee, by exercising ordinary care for the invitee's own safety will not discover."

*Macias v. Summit Mgmt., Inc.*, 220 A.3d 363, 376 (Md. Ct. Spec. App. 2019) (quoting *Deboy v. City of Crisfield*, 893 A.2d 1189, 1193 (Md. Ct. Spec. App. 2006)); *see also Sherman*, 384 A.2d at 79; *Gonzalez*, 2020 WL 2395991, at *5. Therefore, Reithoffer had a duty to "use reasonable and ordinary care to keep the premises safe" for Ms. Janson and to protect her "from injury caused by an unreasonable risk" that she would not discover when "exercising ordinary care for [her] own safety." *Macias*, 220 A.3d at 376.

A defendant breaches its duty to an invitee when it "knew or should have known of [a] dangerous or defective condition" within its control but failed to remove the condition or warn the invitee about it. *Id.* (quoting *Hansberger v. Smith*, 142 A.3d 679, 691 (Md. Ct. Spec. App. 2016));

4

*see Rehn v. Westfield America*, 837 A.2d 981, 984 (Md. Ct. Spec. App. 2003)). The breach is the proximate cause of the injury when it is both "a cause in fact" and "a legally cognizable cause." *Macias*, 220 A.3d at 376 (quoting *Hartford Ins. Co. v. Manor Inn of Bethesda, Inc.*, 642 A.2d 219, 230 (Md. 1994)). The defendant's conduct is "a cause in fact" if it "actually produced [the] injury." *Id.* (quoting *Troxel v. Iguana Cantina, LLC*, 29 A.3d 1038, 1055 (Md. Ct. Spec. App. 2011)). And, the defendant's conduct is "a legally cognizable cause" if "the harm that occurred was a foreseeable result of [that conduct]." *See id.* Typically, "[p]roximate cause is . . . a question for the trier of fact, unless only one possible inference may be drawn from the facts of a case." *Id.*; *see also Winffel v. Westfield Prop. Mgmt., LLC*, No. TDC-19-0838, 2020 WL 374620, at *5 (D. Md. Jan. 23, 2020).

<u>Expert Testimony</u>

Reithoffer acknowledges that it had a duty to prevent adults from riding the Space Ride but insists that it did not have a duty to prohibit adults from entering the ride platform or owe a duty to them before the ride was in motion. Def.'s Mem. 5–6. It is undisputed that the Space Ride was not in motion at the time of Ms. Janson's injury. Defendant contends that, without expert testimony, Ms. Janson cannot establish any duty that it owed her when she was on the platform, breach, or causation, and her proffered expert testimony is insufficient to meet her burden of proof. *Id.* at 4–6. Ms. Janson argues that Reithoffer had a duty not only to "keep adults from riding" but also to prevent them from "attempting to ride" the Space Ride, and that she can prove defendant's negligence without expert testimony. Pl.'s Opp'n 10–11, 14.

The preliminary issue is whether expert testimony is necessary to establish duty, breach, or causation. Expert testimony is admissible under the Federal Rules of Evidence if it would be "(1) helpful to the jury in understanding the evidence or determining a fact at issue; (2) 'based on

5

sufficient facts or data;' (3) 'the product of reliable principles and methods;' and (4) 'the product of a reliable application of those principles and methods to the facts of the case.'" *McNulty v. Casero*, No. SAG-16-2426, 2020 WL 902547, at *2 (D. Md. Feb. 25, 2020) (quoting Fed. R. Evid. 702).[2]  But, expert testimony is not necessary "on matters of which the jurors would be aware by virtue of common knowledge." *Steamfitters*, 209 A.3d at 174 (quoting *Johnson v. State*, 179 A.3d 984, 994 (Md. 2018)).  It "is *required* 'only when the subject of the inference . . . is so particularly related to some science or profession that is beyond the ken of the average layman.'" *Id.* (quoting *Johnson*, 179 A.3d at 994); *see also Shreve v. Sears, Roebuck & Co.*, 166 F. Supp. 2d 378, 410 (D. Md. 2001) ("The general rule is well established that expert testimony is only required when the subject of the inference is so particularly related to some science or profession that it is beyond the ken of the average layman." (quoting *Virgil v. "Kash N' Karry" Service Corp.*, 484 A.2d 652, 656 (Md. Ct. Spec. App. 1984)).  This means that "expert testimony is not required in cases where the issue is not beyond the understanding of the average juror." *Steamfitters*, 209 A.3d at 174.

Insisting that expert testimony is required, Reithoffer relies on *Deciutiis v. Six Flags America*, LP, No. 305, Sept. Term 2016, 2017 WL 1376671 (Md. Ct. Spec. App. Apr. 17, 2017), and *Stolting v. Jolly Roger Amusement Park, Inc*., 37 Fed. App'x 80, 2002 WL 1310390 (4th Cir. June 17, 2002).  Reithoffer argues that "[i]n a case involving alleged negligence in operating an amusement ride, expert testimony is similarly required where the standard of care, breach, and causation are not within the experience or knowledge of the average layman." Def.'s Mem. 5. While I agree with this general statement of law, I disagree that it applies to the facts of this case.

---

[2] The Federal Rules of Evidence apply because the Court is sitting in diversity. *See In re C.R. Bard, Inc., MDL. No. 2187, Pelvic Repair Sys. Prod. Liab. Litig.,* 810 F.3d 913, 919 n.1 (4th Cir. 2016); *Hottle v. Beech Aircraft Corp.,* 47 F.3d 106, 109, 110 (4th Cir. 1995).

In the cases cited by Reithoffer, the plaintiffs were injured on amusement park rides while the rides were in motion and at issue was whether the ride was operated properly while it was in motion. *See Deciutiis*, 2017 WL 1376671, at *1; *Stolting*, 37 Fed. App'x at 81–82. In *Deciutiis*, the court concluded that the plaintiff could not rely on *res ipsa loquitur* because, given "the complexity of the subject matter . . . , expert testimony [was] required to establish negligence and causation." *Deciutiis*, 2017 WL 1376671, at *4 (citation omitted). It reasoned:

> The successful design and operation of this particular ride depends on a number of scientific principles that are beyond the ken of anyone who lacks training in physics or engineering. . . .
>
> In view of the complex physical and mechanical principles that are involved in the design and successful operation of the Penguin's Blizzard River ride, Ms. Deciutiis could not rely on *res ipsa loquitur* to prove her prima facie case. *See id.* at 341. Instead, she would have to adduce expert testimony as to negligence and causation. *Id.* at 339. Because Ms. Deciutiis had no such testimony, the circuit court correctly entered judgment in Six Flags' favor.

*Id.* at *5. In *Stolting*, the Fourth Circuit concluded that the district court did not abuse its discretion in excluding the plaintiff's expert testimony about the defendant's alleged duty to warn invitees that they risked injury if they did not maintain a specific posture on the water ride at issue. 37 Fed. App'x at 83. The Fourth Circuit's affirmance of summary judgment was not based on the absence of expert testimony. *Id.* Rather, the court noted that "Stolting contends that Jolly Roger's negligence was supported by the testimony of other non-expert witnesses" and then concluded that even if she had presented expert testimony and proved negligence, "Stolting [could] not prevail because she assumed the risk of injury." *Id.*

In this case, the Space Ride was not in motion at the time of the injury, and the jury will not have to understand the complex operational or mechanical principles of the ride. Ms. Janson stepped from the platform to board the ride, and then she fell, sustaining injuries. An average juror could listen to testimony and see pictures of the platform and the ride and find that boarding the

7

ride from the platform posed an unreasonable risk for a person over 48 inches tall. If so, Reithoffer would have a duty to warn invitees of the danger and could have breached that duty by failing to post adequate signs or telling Ms. Janson she could ride the ride. *See Macias*, 220 A.3d at 376. Additionally, an average juror could find that Reithoffer's failure to warn Ms. Janson that boarding the ride was dangerous caused her to suffer a reasonably foreseeable injury. *See id.* Or, a reasonable juror could find that the hazard posed for a person over 48 inches tall trying to board the ride was open and obvious, in which case no warning would be necessary. *See id.* Because this case does not involve the mechanics or technical specifications concerning the operation of a fair ride, expert testimony is not required.

### Duty

The first element of negligence is duty. As I stated earlier, Reithoffer, as the operator of the Space Ride, had a duty to "use reasonable and ordinary care to keep the premises safe" for Ms. Janson, an invitee, and to protect her "from injury caused by an unreasonable risk" that she would not discover when "exercising ordinary care for [her] own safety." *Macias*, 220 A.3d at 376; *see Steamfitters*, 209 A.3d at 169. A reasonable juror could find that boarding the ride from the platform posed an unreasonable risk for a person over 48 inches tall, a risk that the ride operator should have known about but that would not be obvious to an invitee such as Ms. Janson. Therefore, Reithoffer could have had a duty to warn plaintiff of the danger of trying to board the ride from the platform. *Macias*, 220 A.3d at 376. Defendant is not entitled to judgment as a matter of law on the issue of duty.

### Breach

The next element is breach. Assuming that Reithoffer had a duty to warn Ms. Janson not to board the ride from the platform, the issue is whether Reithoffer breached its duty. Factual

disputes exist regarding whether defendant had posted any signs to warn adult riders against boarding the ride on the date in question. Popovich Dep. 51:6–9, ECF No. 26-3, at 77 (stating that there was signage); Sign, ECF No. 26-3, at 116 (example of a sign posted on another date); Resp. to Pl.'s Req. for Admission No. 8, ECF No. 26-3, at 90 (admitting that sign gave a maximum height of 48 inches); Pl.'s Dep. 27:18–28:8, ECF No. 26-3, at 8 (testifying that she did not see sign). Additionally, a factual dispute exists as to the sufficiency of any signage in light of the fact that the injury occurred when Ms. Janson was simply boarding, and not yet riding, the ride. Moreover, even if there was a sign that provided adequate warning, a factual dispute exists as to whether the defendant properly warned Ms. Janson of the danger, considering that there is evidence that Reithoffer allowed adults on the platform to help children board the ride and the ride attendant told Ms. Janson that she could ride the Space Ride. Thus, a genuine dispute exists as to whether Reithoffer breached its duty to warn Ms. Janson of the risk of injury from boarding the ride from the platform. Defendant is not entitled to judgment as a matter of law on the issue of breach because a reasonable juror could find for plaintiff.

Proximate Cause

It is undisputed that Ms. Janson sustained injuries when she tried to board the ride. Thus, the last element at issue is proximate cause—whether Reithoffer's alleged failure to warn "'actually produced [Ms. Janson's] injury'" and Ms. Janson's injury "was a foreseeable result" of Reithoffer's conduct. *Macias*, 220 A.3d at 376 (quoting *Troxel*, 29 A.3d at 1055). On the evidence before the Court, a reasonable jury could find that it was foreseeable that an adult likely would fall trying to board the children's ride and that defendant's failure to warn Ms. Janson not to ride—or its affirmative statement that she could ride the ride—caused her injury. Alternatively, a reasonable jury could find that a falling injury, which was not the type of injury the height

restriction was designed to protect, was not foreseeable, and that Ms. Janson's fall was caused by her failure to grab the back of the seat in front of her to steady herself, not by defendant's failure to warn her not to board the ride. Because more than "one possible inference may be drawn from the facts of [this] case," summary judgment is not appropriate on the question of proximate cause. *See Macias*, 220 A.3d at 376; *see also Winffel*, 2020 WL 374620, at *5.

## ORDER

For the reasons stated in this Memorandum Opinion and Order, it is hereby ORDERED that Reithoffer's motion for summary judgment, ECF No. 23, is denied. Counsel should contact Judge Gesner to reschedule the settlement conference and file a status report within a week after the conference, if the case does not settle.

Date: <u>June 4, 2020</u>              <u>/S/</u>
                                                                      Deborah L. Boardman
                                                                    United States Magistrate Judge