IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Civil Division–Greenbelt)

| | |
|---|---|
| CHARLENE JANSON : | |
| Plaintiff : | Case Number: 1:19-CV-00079-DLB |
| : | Magistrate Judge Deborah L. Boardman |
| v. : | |
| REITHOFFER SHOWS, INC. : | |
| Defendant : | |

## **PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION IN LIMINE**

Plaintiff, Charlene Janson, by and through undersigned counsel, hereby submits this Memorandum in Support of her Motion in Limine.

### ARGUMENT

**Medical Bills**

Plaintiff does not intend to claim, as an item of damage, the amount of the medical expenses incurred for the care and treatment of the injuries caused by the September 17, 2016 occurrence. While there will be evidence of the medical care Plaintiff received after the occurrence, she will only be pursuing damages related to past, present and future non-economic damages. Plaintiff's non-economic damages will be proven by her testimony, the testimony of her lay witnesses, and the medical testimony of the medical experts.

Because Plaintiff is not claiming the amount of the medical expenses as an item of damage at trial, and because there is no logical connection between the amount charged (or paid) for a medical service and the non-economic damages that

POTTER BURNETT LAW
16701 MELFORD BLVD
SUITE 421
BOWIE, MD 20715
301.850.7000

resulted from Plaintiff's injuries, the bills (the documents themselves), the amounts (individually, or as a whole), and the fact that some of them were paid by other insurers, are all irrelevant to the claims being made in this case, as they do not have ". . . any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Md. Rule 5-402. Because the evidence is not relevant, it is not admissible. *Id.* The Maryland Court of Special Appeals has noted that medical bills from the attending physician are irrelevant to the determination of non-economic damages. See *Wright v. Hixon,* 42 Md. App. 448, 456(1979). The medical bills should therefore not be referenced as evidence in determining the extent of Plaintiff's non-economic damages.

This issue was considered by the Eastern District of Virginia in *Payne v. Wyeth Pharmaceuticals, Inc.*, 2008 U.S. Dist. LEXIS 91849 (E.D.Va 2008). While not binding in Maryland, the thorough analysis conducted by the *Payne* is instructive. There, the plaintiff filed for Chapter 7 bankruptcy nine (9) months after being involved in an automobile collision with a vehicle owned by Wyeth Pharmaceuticals. *Id.* at ¶ 1. Payne listed his pre-bankruptcy petition medical bills in his bankruptcy schedules, and Wyeth alleged that Payne omitted some of his pre-bankruptcy petition medical bills. *Id.* The bankruptcy court discharged Payne's debt on April 7, 2008, approximately a month after Payne filed the personal injury suit against Wyeth. *Id.* Payne intended to move his medical bills into evidence, and Wyeth moved *in limine* to have them excluded on the grounds that they were not relevant to prove pain and suffering. The *Payne* court noted:

POTTER BURNETT LAW
16701 MELFORD BLVD
SUITE 421
BOWIE, MD 20715
301.850.7000

The Court holds that the medical bills are not relevant to pain and suffering. In reaching this conclusion, the Court is persuaded by the analysis of Carlson v. Bubash, 639 A.2d 458, 462 (Pa.1994). As that court reasoned:

> It is immediately apparent that there is no logical or experiential correlation between the monetary value of medical services required to treat a given injury and the quantum of pain and suffering endured as a result of that injury. First, the mere dollar amount assigned to medical services masks the difference in severity between various types of injuries. A very painful injury may be untreatable, or, on the other hand, may require simpler and less costly treatment than a less painful one. The same disparity in treatment may exist between different but equally painful injuries. Second, given identical injuries, the method or extent of treatment sought by the patient or prescribed by the physician may vary from patient to patient and from physician to physician. Third, even where injury and treatment are identical, the reasonable value of that treatment may vary considerably depending upon the medical facility and community in which care is provided and the rates of physicians and other health care personnel involved. Finally, even given identical injuries, treatment and cost, the fact remains that pain is subjective and varies from individual to individual.

See Payne, 2008 WL 4890760 (E.D.Va 2008), ¶ 6 (footnote omitted). The court continued:

> Furthermore, "a single figure representing the total amount of an individual's medical bills does not demonstrate the number of times the person received treatment or the nature of the treatment." Barkley, 595 S.E.2d at 274-75. (Kinser, J., concurring in part and dissenting in part) ("In some instances, one noninvasive diagnostic test can cost as much as many visits to a physical therapist or chiropractor."). Therefore, the medical bills have no tendency to establish Payne's claim that he experienced pain and suffering as a result of the accident. The Court accordingly holds that the medical bills are inadmissible pursuant to Fed. R. Evid. 401 and 402.

POTTER BURNETT LAW
16701 MELFORD BLVD
SUITE 421
BOWIE, MD 20715
301.850.7000

*Id.*

As noted in *Payne*, there is no logical connection between the amount of medical bills incurred by Plaintiff and the non-economic damages associated with the injuries sustained in the motor vehicle collision on which this matter is based. Even assuming, without agreeing, that the medical bills were somehow relevant, the court should still preclude them pursuant to Md. Rule 5-403, because any probative value they have is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." The *Payne* court addressed this, as well:

> Even if the Court were to conclude the medical bills are relevant and admissible, the medical bills are nevertheless inadmissible pursuant to Fed. R. Evid. 403. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. **Here, there is a substantial possibility of jury confusion if the medical bills were introduced to prove pain and suffering. The jury may be tempted to treat the medical bills as recoverable special damages rather than to only assess the medical bills as evidence that Payne experienced pain and suffering. The jury may also be confused by the medical bills' characterization of the treatment Payne allegedly underwent because the treatment is described in the bills in summary, imprecise terms. These ill-defined terms, presented right beside their cost in dollar figures, with little explanation to guide the jury, would unfairly prejudice Wyeth Pharmaceuticals.** To cure this prejudice, and thus to clarify the meaning of the terms in the medical bills, Payne would likely have to call a witness from each medical office from which a bill was issued to testify regarding, among other things, the terms in the bill and whether a doctor or administrator labeled the procedures and treatments. Such a process could unduly delay the trial. **Furthermore, introduction of the medical bills into evidence would be overly cumulative: whatever tendency they would have to**

POTTER BURNETT LAW
16701 MELFORD BLVD
SUITE 421
BOWIE, MD 20715

301.850.7000

> **prove pain and suffering may already be amply demonstrated by other, more probative evidence, such as the testimony of Payne and his doctors.** On the other side of the scale, the medical bills are of limited probative value for many of the reasons discussed in the relevance analysis, *supra*. For all these reasons individually, and for all of them together, the Court holds that Payne's medical bills fail Rule 403 analysis and are therefore inadmissible to prove pain and suffering.

See *id.* (emphasis added) (footnote omitted).

Because the medical bills are not being claimed as an item of damage in this case, and there will be no jury instruction about them, their introduction into evidence will confuse the jury about the true issues they will have to decide, and they will not be instructed on how to consider the amounts. Further, introducing the medical expenses would unfairly and unduly prejudice the Plaintiff because of the risk that the jurors would substitute the bill amounts for the amounts for pain and suffering and/or improperly attempt to use, at the suggestion of the Defendant, the medical expenses and the amount of medical care Plaintiff received after the incident as a basis to establish her "pain and suffering" damages. As recognized by the *Payne* court, "there is no logical or experiential correlation between the monetary value of medical services required to treat a given injury and the quantum of pain and suffering endured as a result of that injury." *Id.* at ¶ 6.

The *Payne* decision is consistent with Maryland Law as announced by the Court of Special Appeals in *Wright*. The collateral source rules permit an injured person to recover the full amount of his or her provable damages, regardless of the amount of compensation which the person has received for his or her injuries from

POTTER BURNETT LAW
16701 MELFORD BLVD
SUITE 421
BOWIE, MD 20715
301.850.7000

sources unrelated to the tortfeasor. *See Haischer v. CSX Transp. Inc.*, 381 Md. 119, 132 (2004).

To this end, the Defendant should also be precluded from making any statements, suggestions or arguments that the jury should base their damage award for Plaintiff's "pain and suffering" on the amount of medical bills she incurred following the incident. The evidence at trial will be from the medical experts that Plaintiff was injured in the incident. The expert(s) may testify that Plaintiff suffered a permanent injury. No amount of additional medical care is going to return Plaintiff's time and function lost as a result of this incident. It would, therefore, be improper and prejudicial to the Plaintiff if the Defendant were permitted to argue, infer or suggest that the "pain and suffering" damages be based on the value of the medical care undertaken or the medical expenses incurred, after the incident that is the subject of this action.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Charlene Janson respectfully requests that this Honorable Court GRANT this Motion in Limine and PROHIBIT the Defendant from introducing into evidence any medical bills or suggesting in any way what the medical bills in this case total.

Respectfully submitted,

_____
Suzanne V. Burnett 012672
Attorney for Plaintiff
16701 Melford Boulevard
Suite 421
Bowie, Maryland 20715
(301) 850-7000
suzanne@potterburnettlaw.com

POTTER BURNETT LAW
16701 MELFORD BLVD
SUITE 421
BOWIE, MD 20715

301.850.7000

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the foregoing Plaintiff's Memorandum in Support of Motion in Limine was filed this 12th day of March, 2021 and served electronically to Kevin Karpinski, Esquire at kevin@bkcklaw.com.

*Suzanne V. Burnett*
Suzanne V. Burnett

POTTER BURNETT LAW
16701 MELFORD BLVD
SUITE 421
BOWIE, MD 20715

301.850.7000